BRODSKY MICKLOW BULL & WEISS, LLP
Philip E. Weiss, Esq. (No. 152523)
2608 Shelter Island Drive, Suite 202
San Diego, California 92106
Telephone: (619) 225-8884
Facsimile: (619) 225-8801

Attorneys for Plaintiff

Chula Vista Marina/RV Park, Ltd.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHULA VISTA MARINA/RV PARK, LTD., a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>THAT CERTAIN 1965, 38-FOOT CHRIS CRAFT MOTOR YACHT, BEARING CALIFORNIA CF NO. CF8646CC, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*,<br><br>Defendant. | Case No. **'11CV0538 JM   CAB**<br><br>IN ADMIRALTY<br><br>VERIFIED COMPLAINT OF PLAINTIFF FOR VESSEL ARREST, INTERLOCUTORY SALE AND FOR MONEY DAMAGES FOR BREACH OF MARITIME CONTRACT, TRESPASS, AND QUANTUM MERUIT<br><br>F.R.C.P. Supplemental Admiralty Rules C and E.<br><br>46 U.S.C. Sections 30101-31343 |

Plaintiff alleges:

## JURISDICTION

1. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1), 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, whcih is embodied at 46 U.S.C. sections 31301, *et seq*. This action is a maritime and admiralty claim within the provisions of Rule 9(h) of the Federal Rules of Civil Procedure, and within the Supplemental Rules for Certain Admiralty and Maritime Claims and of this Honorable Court. Plaintiff CHULA VISTA MARINA/RV PARK, LTD. (hereinafter "PLAINTIFF") brings this

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND
FOR BREACH OF MARITIME CONTRACT, TRESPASS, AND QUANTUM MERUIT

Page -1-
Case No. **

action on its own behalf and on behalf of all parties who were, are or may become interested in all or part of the property which is the subject of this litigation, as their interests may appear.

## PARTIES

2. PLAINTIFF is and was at all times material herein a California Limited Partnership in good standing and existing by virtue of the law of the State of California. PLAINTIFF operates a marina located at 550 Marina Parkway, Chula Vista, California. Pursuant to a written License Agreement executed by the Defendant Vessel's apparent and ostensible owner, Allen Scheinok, beginning on or about December 12, 2008 PLAINTIFF provided wharfage services for the benefit of the Defendant Vessel, that certain 1965 unnamed 38-foot (more or less) Chris Craft motor yacht bearing California CF No. CF8646CC, which services constitute "necessaries" for purposes of the Commercial Instruments and Maritime Lien Act (46 U.S.C. 31301, *et seq.*). A true and correct copy of the License Agreement is attached hereto as Exhibit A.

3. DEFENDANT VESSEL is reflected in the Vessel Certificate of Number issued by the California Department of Motor Vehicles as a 1965, 38-foot Chris Craft pleasure vessel, with an assigned Vessel Number of CF 8646 CC. She is now and will during the pendency of this action be within the waters of the Southern District of California, and hence within the admiralty jurisdiction of this Honorable Court.

## FIRST COUNT

### (Breach of Maritime Contract for Necessaries)

4. PLAINTIFF refers to Paragraphs 1 through 3, inclusive, of this Verified Complaint and incorporates them as though fully set forth here.

5. On or about December 5, 2008 the DEFENDANT VESSEL, by and through her ostensible owner, Allen Scheinok, entered into a written License Agreement (Exh. A hereto) pursuant to which PLAINTIFF provided wharfage and other maritime services, at the current wharfage rates, for the benefit of the DEFENDANT VESSEL, which services constitute "necessaries" for purposes of the Commercial Instruments and Federal Maritime Lien Act (46 U.S.C. section 31301, *et seq.*).

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND FOR BREACH OF MARITIME CONTRACT, TRESPASS, AND QUANTUM MERUIT

Page -2-
Case No. **

6. The account for the DEFENDANT VESSEL has periodically fallen into arrears and has remained in arrears, notwithstanding PLAINTIFF's having credited the DEFENDANT VESSEL's account in the amount of $600.00, with the expectation, based on the promise of the DEFENDANT VESSEL's owner, that the account would remain current. The owner of the DEFENDANT VESSEL has also tendered checks in payment for wharfage services for the benefit of the DEFENDANT VESSEL which were returned as unpayable, for want of sufficient funds.

7. The account for the DEFENDANT VESSEL currently stands in arrears in a sum of not less than $2,971.08.

8. In an effort to avoid burdening this Honorable Court with this matter, PLAINTIFF has attempted in good faith to resolved this matter informally, even after the owner of the DEFENDANT VESSEL failed, as he had promised, to maintain the account for the DEFENDANT VESSEL current after PLAINTIFF gratuitously applied a credit of $600.00 to the account. These efforts included offering to pay the charges associated with towing the DEFENDANT VESSEL to another location, and even offering to refund the deposit placed by the owner of the DEFENDANT VESSEL, once she departed PLAINTIFF's marina and upon execution of a mutual release.

9. In addition to failing to pay wharfage fees when due and allowing the account for the DEFENDANT VESSEL to fall into and remain in arrears, the License Agreement for DEFENDANT VESSEL was further breached by multiple failures to comply with the License Agreement and its incorporated Rules and Regulations. These breaches included unauthorized person(s) living aboard the DEFENDANT VESSEL, the maintenance of an apparently inoperable vehicle "on blocks," fishing in unauthorized areas, and a refusal to remove a large tarp until the owner of the DEFENDANT VESSEL himself determined that the rainy season was over.

10. PLAINTIFF and its attorney attempted in good faith to persuade the owner of the DEFENDANT VESSEL to bring the account current. He failed and refused to do so, and paid only a sum he agreed he owed (which was less than one half of the sum actually owed),

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND
FOR BREACH OF MARITIME CONTRACT, TRESPASS, AND QUANTUM MERUIT

Page -3-
Case No. **

and only after receiving a Three Day Notice to Pay or Quit. Rather than pay sums lawfully due and owing, the owner of the DEFENDANT VESSEL falsely claimed and reported to various governmental agencies, both that PLAINTIFF had "locked" him out of the marina by disabling an electronic key, and that PLAINTIFF had provided a defective electric meter or otherwise overcharged for electric service. The involved agencies investigated these false claims and have determined them to be wholly meritless.

11. The License Agreement permits either party to terminate the License Agreement, with or without cause, upon 30 days' advance written notice.

12. On February 10, 2011 PLAINTIFF dispatched a letter to the owner of the DEFENDANT VESSEL, Allen Scheinok, which was delivered personally aboard the vessel, transmitted via e-mail, and by both First Class and Certified mail. This letter advised Mr. Scheinok of the termination of the License Agreement for the DEFENDANT VESSEL, effective 30 days thereafter, on March 12, 2011.

13. The DEFENDANT VESSEL did not vacate PLAINTIFF's marina following expiration of the 30 day notice period, and she remains there, notwithstanding the repeated admonitions of PLAINTIFF's attorney that she must leave, that her failure to do so would result in a trespass by the DEFENDANT VESSEL and that a Warrant for Vessel Arrest would be sought if she did not depart.

13  PLAINTIFF has fully satisfied all obligations required of it as a maritime services provider and under the above referenced License Agreement.

14. After termination of the License Agreement, the DEFENDANT VESSEL had no remaining contractual authority to stay at the marina. Notwithstanding PLAINTIFF's repeated demands that the DEFENDANT VESSEL vacate its marina, she has failed and refused to do so, and continues to fail and refuse to do so.

15. As a consequence of the foregoing contractual breaches and the resulting maritime lien in its favor, PLAINTIFF has been damaged, through the date of this Verified Complaint, in a sum of not less than $2,971.08, plus additional wharfage fees accruing through the date of arrest of the DEFENDANT VESSEL, plus prejudgment interest, plus

costs of suit (including attorneys' fees), no part of which has been paid by the defendant vessel or her owner(s).

## SECOND COUNT

### (Trespass)

16. PLAINTIFF refers to Paragraphs 1 through 3, and 5 through 15 inclusive, of this Complaint and incorporates them as though fully set forth herein.

17. The License Agreement executed by the DEFENDANT VESSEL's owner, Allen Scheinok, permitted PLAINTIFF to terminate the License Agreement, with or without cause, upon 30 days advance written notice. The required written notice was tendered and was received by the owner of the DEFENDANT VESSEL on February 10, 2011, and accordingly the last date on which the DEFENDANT VESSEL was contractually permitted at PLAINTIFF's marina was 30 days thereafter, on March 12, 2011.

18. Since March 12, 2011 the DEFENDANT VESSEL has occupied a slip at PLAINTIFF's private premises without permission, contractual, statutory or any other authority, and hence in the capacity of a trespasser.

19. The DEFENDANT VESSEL, by and through her apparent and ostensible owner, have intruded onto and continue to intrude onto PLAINTIFF's premises, thereby invading and interfering with PLAINTIFF's interest in the use, profits and enjoyment of its marina.

20. By reason of the foregoing, PLAINTIFF has been damaged in an amount according to proof, but in any event in a sum, as of the date of this Verified Complaint, of not less than $2,971.08, plus additional wharfage fees accruing through the date of arrest of the DEFENDANT VESSEL, plus prejudgment interest, plus costs of suit, plus attorneys' fees no part of which has been paid by the DEFENDANT VESSEL or her apparent and ostensible owner.

///
///
///

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND
FOR BREACH OF MARITIME CONTRACT, TRESPASS, AND QUANTUM MERUIT

Page -5-
Case No. **

## THIRD COUNT

### (Quantum Meruit)

21. PLAINTIFF refers to Paragraphs 1 through 3,, 5 through 15 and 17 through 20 inclusive of this Complaint and incorporates them as though fully set forth herein.

22. PLAINTIFF provided valuable wharfage and other useful maritime necessaries to the DEFENDANT VESSEL, for her benefit.

23. Wharfage and other maritime necessaries were accepted by the DEFENDANT VESSEL and her actual and ostensible owner, and enjoyed by them.

24. PLAINTIFF had and has a rightful expectation of payment for these maritime services, but not been paid for them.

25. Under the circumstances presented, not requiring payment for these services would result in the unjust enrichment of Defendants.

**WHEREFORE**, PLAINTIFF prays:

1. That process in due form of law pursuant to this Court's Admiralty and Maritime Jurisdiction issue *in rem* against the DEFENDANT VESSEL, her rigging, tackle, apparel, furniture, engines, bunkers, and all other necessaries thereunto appertaining and belonging, and that all persons claiming any interest in the DEFENDANT VESSEL be cited to appear and answer this Verified *in rem* Complaint;

2. That PLAINTIFF's maritime lien be declared to be valid and subsisting in an amount not less than in a sum of not less than $2,971.08, plus additional wharfage fees accruing through the date of arrest of the DEFENDANT VESSEL, plus accrued interest and recoverable costs of suit, and that such lien is prior and superior to the interest, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever;

3. That judgment enter against the DEFENDANT VESSEL, *in rem*, for PLAINTIFF's damages in a sum not less than in a sum of not less than $2,971.08, plus additional wharfage fees accruing through the date of arrest of the DEFENDANT VESSEL, together with interest thereon, and costs of suit herein, including attorneys' fees, and together with all other amounts which have been or are required to be disbursed by PLAINTIFF for

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND
FOR BREACH OF MARITIME CONTRACT, TRESPASS, AND QUANTUM MERUIT

Page -6-
Case No. **

the care, insuring, preservation, storage and mooring of DEFENDANT VESSEL, and all other advances, expenses, fees, costs and disbursements by PLAINTIFF, together with post-judgment interest at the maximum statutory rate.

4. That DEFENDANT VESSEL, her rigging tackle, apparel, furniture, and all other necessaries thereunto appertaining and belonging be condemned and sold to pay the demands and claims of PLAINTIFF, with interest and costs, and that PLAINTIFF may become a purchaser permitted to credit bid at any sale of the DEFENDANT VESSEL any amounts adjudged to be owing to PLAINTIFF;

5. That, in the event a bond or other acceptable security is posted with the Registry of the Court to effect the release of the DEFENDANT VESSEL as permitted by the Supplemental Admiralty Rules (F.R.C.P.), an Order issue requiring her immediately upon release by the U.S. Marshal to be removed from PLAINTIFF's marina;

6. That it be decreed that any and all persons, firms or corporations claiming any interest in the DEFENDANT VESSEL are forever barred and foreclosed of and from all right or equity of redemption or claim of, in, or to the DEFENDANT VESSEL and every part thereof; and

7. That PLAINTIFF have such other and further relief in justice it may be entitled to receive.

Dated: March 14, 2011            Respectfully submitted,

BRODSKY MICKLOW BULL & WEISS, LLP

By____s/Philip Weiss____
    Attorney for Plaintiff
    Chula Vista Marina/RV Park, Ltd.
    E-mail: shiplaw@earthlink.net

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND FOR BREACH OF MARITIME CONTRACT, TRESPASS, AND QUANTUM MERUIT

Page -7-
Case No. **

## VERIFICATION

I, Sarah Even, declare under penalty of perjury under the laws of the United States and the State of California as follows:

1. I, the undersigned, am a General Partner of Plaintiff CHULA VISTA MARINA/RV PARK, LTD. in this action. I certify I have read the foregoing Verified Complaint, and know its contents.

2. The matters stated in the Verified Complaint are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

Executed this 17th day of March, 2011 at Ft Lauderdale Fl.

*[signature]*

Sarah Even, General Partner

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY SALE AND
FOR BREACH OF MARITIME CONTRACT, TRESPASS, AND QUANTUM MERUIT

Page -8-
Case No. **

# CIVIL COVER SHEET

⸬JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
CHULA VISTA MARINA/RV PARK, LTD., a California Limited Partnership,

**DEFENDANTS**
THAT CERTAIN 1965, 38-FOOT CHRIS CRAFT MOTOR YACHT, CA CF NO. CF8646CC, & ALL HER ENGINES, etc.

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brodsky Micklow Bull & Weiss, 2608 Shelter Island Dr., Suite 202, San Diego, CA 92106 (619) 225-8884

Attorneys (If Known)
'11CV0538 JM    CAB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 U.S.C. Sections 31301 et. seq. (Comm. Instruments & Federal Maritime Lien Act)
Brief description of cause:
Action in rem to foreclose on maritime necessaries lien and maritime tort lien

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 2,971.08 plus additional wharfage fees plus prejudgment interests plus costs
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 03/17/2011
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____